UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                               :

ANDREW DILEO,                 :
                               :

    Plaintiff,             :
                               :

    v.                   :     Civil Action No. 1:19-cv-00044-JJM-PAS
                               :

GENERAL NUTRITION CENTERS[1],   :
                               :

    Defendants.        :
_____:

## RULE 16 CONFERENCE STATEMENT

Pursuant to this Court's Rule 16(b) scheduling conference notice, Defendant General Nutrition Centers ("Defendant"), hereby submits this statement summarizing the facts of the case and identifying legal issues.

## I.    Facts

Plaintiff was hired by Defendant in April 2014 as a Part-Time Sales Associate.  In October 2016, Plaintiff was promoted to Store Manager.  During his tenure, Plaintiff was well-aware of Defendant's stringent policies regarding the usage of coupons.[2]  In November 2017, Defendant became aware that Plaintiff had been providing unauthorized discounts to customers.  Regional Loss Prevention Manager, Ron Perry, conducted an investigation, which revealed that Plaintiff was allowing customers to use coupons they did not have when they entered the store by giving the coupons to customers once they were inside the store or at the time they were completing their purchases.  It was further revealed that Plaintiff instructed his associates to engage in the same improper practice.  Plaintiff's misuse of the coupons cost Defendant

---

[1] Defendant General Nutrition Corporation is improperly named in the case caption as "General Nutrition Centers."
[2] For instance, in November 2014, Plaintiff received a Documented Verbal Warning for the improper use of a coupon.

approximately $530 in lost sales.  Plaintiff not only admitted to the unauthorized use of coupons, but provided a written statement acknowledging the same.  Thereafter, Plaintiff's employment was terminated for this admitted policy violation.

## II.    Legal Issues

Plaintiff alleges Defendant discriminated against him on the basis of his sexual orientation by not promoting him to Senior Store Manager, and retaliated against him for complaining about the discriminatory treatment to which he claims he was subjected.  Plaintiff cannot establish a prima facie case of discrimination and/or retaliation.  To state a prima facie discrimination claim for failure to promote, Plaintiff must prove by a preponderance of the evidence that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was not hired despite his qualifications; and (4) the job was given to someone outside the protected class whose credentials were more or less comparable to his.  Lakshman v. Univ. of Maine Sys., 328 F. Supp. 2d 92, 117 (D. Me. 2004) (citing Keyes v. Secretary of Navy, 853 F.2d 1016, 1023 (1st Cir. 1988)).  Only if Plaintiff establishes a prima facie case, and Defendant presents a non-discriminatory reason for its actions, does Plaintiff have the opportunity to prove pretext.  See id. at 117-18.

Plaintiff cannot prove his prima facie case, in part, because he cannot prove that the promotion was given to someone whose credentials were comparable to his.  The record will demonstrate that the individual who received the promotion consistently outperformed Plaintiff using plainly objective criteria.  Moreover, simply because Plaintiff wanted a promotion, does not mean he was "passed over."  Plaintiff was never truly a contender for this promotion, as a result of his mediocre-at-best performance.  This alone proves Plaintiff was not promoted for a legitimate, non-discriminatory reason.[3]  Plaintiff cannot show pretext because he will be unable to prove the

---

[3] To the extent Plaintiff attempts to allege his termination was discriminatory, for the reasons contained herein, such claim similarly fails.

outrageous allegations in his Complaint relating to Pereira's conduct.  There is absolutely no evidence of any kind, other than Plaintiff's self-serving statements in his Complaint, to support his contention that Pereira engaged in the outrageous conduct of which he is accused, as Plaintiff never complained of any such conduct during his employment and witnesses will testify that they never observed any such conduct.[4]

To prove retaliation, Plaintiff must show (1) he engaged in protected activity, (2) he suffered an adverse employment action, and (3) the adverse action was causally connected to the protected activity.  Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009).  Plaintiff can present no evidence that he engaged in any protected activity because Plaintiff made no complaints of unlawful discrimination or retaliation, which the record will reveal.  This fact, coupled with Plaintiff's clearly documented violation of Defendant's coupon policy, prove Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory reasons; not for any reason associated with his alleged complaints.[5]

GENERAL NUTRITION CENTERS,

By its attorneys

/s/ Jillian S. Folger-Hartwell
Jillian S. Folger-Hartwell (#6970)
Alexsa A. Marino (#9548)
Littler Mendelson, P.C.
One Financial Plaza, Suite 2205
Providence, RI  02903
Tel. 401.824.2107
Fax 401.454.2969
jfolgerhartwell@littler.com
almarino@littler.com

April 29, 2019

---

[4] Plaintiff perhaps thought he could rely on the fact that Defendant no longer employs Pereira in making the wild allegations set forth in the complaint with regard to Pereira's discriminatory conduct.  Plaintiff, however, cannot so rely, as Pereira and others stand ready and able to flatly dispute these allegations.
[5] In addition, Defendant has ample evidence to establish that it consistently terminates employees who engage in similar infractions of its coupon policy.

### CERTIFICATE OF SERVICE

I, Jillian S. Folger-Hartwell, hereby certify that a true and accurate copy of the Rule 16

Conference Statement was filed and served electronically by operation of the Court's CM/ECF

System upon the following counsel of record on this 29th day of April, 2019:

Ronald Bonin, Esq.
Alton W. Wiley, Jr., Esq.
Carl H, Hurvich, Esq.
Moretti Perlow & Bonin Law Offices
1070 Reservoir Avenue
Cranston, RI 02901

/s/ Jillian S. Folger-Hartwell_____
Jillian S. Folger-Hartwell

FIRMWIDE:164095456.2 052860.1040